IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:21-CV-171-BO

FLAMINGO PROPERTIES, LLC, )
FLAMINGO SOUTH, LLC, and L. BRIAN )
CHESHIRE, )
                Appellants, )
)
v. )    O R D E R
)
JOSEPH A. BLEDSOE III, TRUSTEE, )
                Appellee. )

This cause comes before the Court on appellants' motion for leave to appeal an order of the Bankruptcy Court for the Eastern District of North Carolina. Appellee has responded and the matter is ripe for ruling. For the reasons that follow, the motion for leave to appeal is denied without prejudice.

## BACKGROUND

Michael Gene Musselwhite, the debtor, filed a voluntary petition under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of North Carolina in March 2020, after which appellee, Joseph Bledsoe, III, was appointed as trustee. The trustee filed an adversary proceeding in December 2020, alleging claims pursuant to 11 U.S.C. §§ 544(b), 550(a), and 502(d) against appellants. Appellants filed a motion to dismiss in the adversary proceeding, and in the alternative asked that the district court to withdraw the reference.

On September 23, 2021, the bankruptcy court denied the motion to dismiss and referred the motion to withdraw the reference to this Court. *See* No. 5:21-MC-27-BO (E.D.N.C.). The matters raised in bankruptcy bear some relation to a civil action filed in this Court, which proceeded to jury trial and verdict on June 27-28, 2022. *Musselwhite v. Mid-Atlantic Restaurant*

*Corp.*, No. 7:18-CV-89-BO (E.D.N.C.). On October 8, 2021, appellants filed the instant motion to appeal the denial of their motion to dismiss as an interlocutory appeal pursuant to 28 U.S.C. § 158(a)(3). [DE 1].

DISCUSSION

District courts have jurisdiction to "hear appeals from final judgments, orders, and decrees, and with leave of court, from interlocutory orders and decrees, of bankruptcy judges . . . ." 28 U.S. § 158(a). Interlocutory orders are "those bankruptcy court orders that are provisional in nature and subject to revision . . . ." *Mort Ranta v. Gorman*, 721 F.3d 241, 246 (4th Cir. 2013). An appeal of any bankruptcy court order that is not a final order is interlocutory, and the party seeking to appeal must receive leave of court. 28 U.S.C. § 158(a)(3). "In seeking leave to appeal an interlocutory order or decision, the appellant must demonstrate 'that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'" *KPMG Peat Marwick, L.L.P. v. Estate of Nelco, Ltd., Inc.*, 250 B.R. 74, 78 (E.D. Va. 2000) (citation omitted).

On June 23, 2022, the trustee filed a motion to approve compromise with appellants in the underlying adversary proceeding in the bankruptcy court. *See* [DE 48], No. 5:20-AP-142-DMW (Bankr. E.D.N.C.). The motion indicates that the parties have agreed to resolve the matters between them through compromise and settlement. *Id.* The settlement terms propose that, upon approval of the compromise by the bankruptcy court, appellants will dismiss the matters pending in this Court, including this action. *Id.*

In light of the foregoing, the Court finds no exceptional circumstances which would warrant leave to pursue an interlocutory appeal at this time. However, in the event the

2

compromise is not approved by the bankruptcy court, the Court will deny the motion for leave to appeal without prejudice to refiling in the event the settlement is not consummated.

## CONCLUSION

Accordingly, for the foregoing reasons, the Court in its discretion DENIES the motion to for leave to appeal [DE 1] WITHOUT PREJUDICE to refiling should the compromise between the parties not be consummated. The clerk is DIRECTED to close this case upon entry of this order.

SO ORDERED, this _12_ day of July 2022.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE